

# In the United States Court of Federal Claims

No. 14-1126C
(Filed: April 16, 2015)

FILED

APR 16 2015

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                 *
PAMELA HANSON,                                   *
                                                 *
              Plaintiff,                         *
                                                 *
       v.                                        *
                                                 *
THE UNITED STATES,                               *
                                                 *
              Defendant.                         *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER OF DISMISSAL

This matter comes before the Court on Defendant's motion to dismiss the Complaint for lack of subject-matter jurisdiction. Because Plaintiff has not alleged any claim within the Court's jurisdiction, this action is dismissed.

### Background

Plaintiff pro se Pamela Hanson, also identifying herself as "Inicint," is incarcerated at the Bedford Hills Correctional Facility in Bedford Hills, New York. Compl. 1, Ex.15. Plaintiff states that the prison community is made up of a number of writers, including "songwriters, book [] writers, [and] movie writers," who are prevented "from making [a] profit and being successful while incarcerated" by the Governor of New York. Compl. 1. Plaintiff argues that there "should be a privilege for inmates to solicit material[s] and make [a] profit to support themselves." Id. Plaintiff challenges the policy of the correctional facility prohibiting inmates from having "a mail order or other business while in custody," and states that "[m]aking music and marketing for profit is a business activity which is not allowed." Id. As quoted by Plaintiff, the policy at issue states that "[i]nmates shall not be permitted to use their correspondence privileges to solicit or otherwise commercially advertise for money, services, or goods." Id. at 2. Plaintiff claims that this policy has prevented her from pursuing her music career while incarcerated, as she is unable to send out demo tapes or sign recording contracts with record labels. Compl. Exs. 15-18.

### Discussion

Plaintiff must first establish subject-matter jurisdiction before the Court may proceed to the merits of the action. See Hardie v. United States, 367 F.3d 1288, 1290 (Fed. Cir. 2004). The Court must dismiss the action if subject-matter jurisdiction is found to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). When ruling on a motion to dismiss pursuant to Rule 12(b)(1), the Court assumes all factual allegations as true, and will construe the Complaint in a manner most favorable to the Plaintiff. Pennington Seed Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

Pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (internal quotations omitted). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction, and must do so by a preponderance of the evidence. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The United States is immune from suit, save by consent, which "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969); United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity by the United States must be "strictly construed . . . in favor of the sovereign." Dep't of the Army v. Blue Fox, 525 U.S. 255, 261 (1999).

The Tucker Act, 28 U.S.C. § 1491(a)(1), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act does not create a substantive right for money damages against the United States, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). A plaintiff "must identify a separate source of substantive law that creates the right to money damages." Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) (internal quotations omitted). The substantive right to money damages must extend from the Constitutional provision, statute, or regulation giving rise to the claim. See United States v. Mitchell, 463 U.S. 206, 216-17 (1983) ("[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'") (quoting Testan, 424 U.S. at 400).

Plaintiff's pro se Complaint, even when viewed in the manner most favorable to the Plaintiff, fails to articulate a claim that is within this Court's jurisdiction. Plaintiff's Complaint challenges a policy of the Bedford Hills Correctional Facility that prevents Plaintiff from running a business for profit while she is incarcerated. The Complaint does not plead a substantive source of law that creates a right to recover money damages from the Government.

Plaintiff does not articulate what remedy she is seeking from the Court. However, to the extent that Plaintiff seeks an injunction against the policy prohibiting inmate solicitation and mail-order businesses, this Court lacks the authority to grant such relief. This Court possesses limited authority to grant equitable relief in bid protests, certain tax cases, and certain cases where such relief is "an incident of and collateral to [a money judgment]." 28 U.S.C. §§ 1491(a)(2)-(b), 1507-08 (2014); see also Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003).

Neither the Complaint, nor any of the other documents Plaintiff has submitted, presents a claim against the United States which falls under the jurisdiction of this Court. This Court is under "no duty to create a claim where a pro se plaintiff's complaint is so vague or confusing that one cannot be determined." Fullard v. United States, 78 Fed. Cl. 294, 299 (2007).

### Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

_____
MARY ELLEN COSTER WILLIAMS
Judge